```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
ISMAEL BERRIOS,

                    Petitioner,
         -against-                        MEMORANDUM AND DECISION
                                          07-CV-4441 (JS)
UNITED STATES OF AMERICA,

                    Respondent.
-------------------------------------X
Appearances:
For Petitioner:     Ismael Berrios, pro se
                    68661-053
                    F.C.I. Elkton
                    P.O. Box 10
                    Lisbon, OH 44432

For Respondent:     Benton J. Campbell, Esq.
                    Raymond A. Tierney, Esq.
                    United States Attorney's Office
                    Eastern District of New York
                    610 Federal Plaza
                    Central Islip, NY 11722
```

SEYBERT, District Judge:

Petitioner Ismael Berrios ("Petitioner") has petitioned this Court pursuant to 28 U.S.C. § 2255 to vacate his sentence and conduct a re-sentencing. For the following reasons, this petition is DENIED.

BACKGROUND

Sometime in the summer of 2002, undercover police officers from the Suffolk County Police Department purchased 625 grams of cocaine from Felix Berrios, Petitioner's uncle, at Petitioner's residence in Brentwood, New York. Resp. Ex. A at ¶ 2. A subsequent police investigation into Petitioner revealed that he went into the cocaine distribution business beginning in 1997. Id.

at ¶ 3. Utilizing different suppliers, Petitioner purchased, packaged and delivered cocaine to customers, without relying on couriers or street-level dealers. Id. On October 9 and 29, 2003, Petitioner sold cocaine to undercover agents. Id. at ¶¶ 9-10. Suffolk County police officers arrested Petitioner on November 21, 2003, and transferred him into federal custody on November 24, 2003. Id. at ¶ 12.

On June 23, 2004, Petitioner entered into a Cooperation Agreement with the U.S. Attorney's Office for the Eastern District of New York. Resp. Ex. B. Through this Agreement, Petitioner agreed to waive indictment and plead guilty to a one-count information charging a violation of 21 U.S.C. § 841(b)(1)(A)(ii)(II) and 21 U.S.C. § 846. The U.S. Attorney's Office, for its part, agreed "[b]ased on information known to it now," not to oppose a 3 point downward adjustment in Petitioner's guideline score for acceptance of responsibility. Id. at ¶ 2. The U.S. Attorney's Office further agreed that, if it "determines that the defendant has cooperated fully, provided substantial assistance to law enforcement authorities and otherwise complied with the terms of this agreement," it would file a motion pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) setting forth the extent of Petitioner's cooperation. Id. at ¶ 6.

Under the Agreement, Petitioner also agreed that he would "not commit, or attempt to commit, any further crimes." Id. at ¶

8. The Agreement set forth that, if Petitioner breached this obligation, "this Office will be released from its obligations under this agreement," including its obligations to not oppose a downward adjustment for acceptance of responsibility, or file a motion detailing Petitioner's cooperation.

On June 25, 2004 Petitioner pled guilty. During his allocution, the Government asked Petitioner to confirm the Government's contention that he "conspired with others to distribute approximately . . . 136 kilograms of cocaine during the charged period of time," and further asked Petitioner to waive all rights to a jury trial concerning that amount. Resp. Ex. C at 16-17. In response, Petitioner conceded that he distributed 136 kilograms of cocaine, and expressly agreed to waive his right to a jury trial on the amount he distributed. Id. at 17.

Pursuant to his Cooperation Agreement with the Government, Petitioner was released on bail following his guilty plea to allow him to work with federal and local authorities. While out on bail, Petitioner was arrested and charged with possession of cocaine. Resp. Ex. D. Petitioner pled guilty in connection with that arrest. Id.

On July 24, 2006 the United States Probation Department submitted its Presentence Report in connection with Petitioner's upcoming sentencing. The Presentence Report concluded that Petitioner was responsible for distributing 154 kilograms of

cocaine, 99 kilograms of cocaine base and 2,010,800 kilograms of marijuana. Resp. Ex. A ¶ 19. The Presentence Report also recommended that Petitioner receive a 2 level upward adjustment in his Federal Sentencing Guidelines ("Guidelines") score for possession of a weapon, and no downward adjustment for acceptance of responsibility. Id. at ¶¶ 20, 25. Consequently, the Presentence Report assigned Petitioner a base Guidelines score of 40. Id. at ¶ 81. Because Petitioner breached the terms of his Cooperation Agreement by continuing to commit narcotics offenses, the Government did not file a motion pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) setting forth the extent of Petitioner's cooperation.

On August 11, 2006 Petitioner was sentenced. At the sentencing, Petitioner's counsel did not dispute that Petitioner was responsible for distributing the narcotics quantities listed in the Presentence Report. And, correspondingly, the Court held Petitioner accountable for distributing these quantities. Resp. Ex. E at 5-7. Petitioner's counsel did, however, object to the Presentence Report's finding that Petitioner had used a weapon in connection with the offense. Id. at 10-11. Petitioner's counsel argued that, although the Petitioner owned a weapon during the charged period, there was no evidence that he actually used it in connection with his criminal activities. Id. The Court agreed with Petitioner's counsel, and declined to impose the Presentence

4

Report's recommended upward adjustment for Petitioner's use of a weapon. Id. Petitioner's counsel further sought a three-point reduction in Petitioner's guideline score for acceptance of responsibility, and requested that the Court consider Petitioner's cooperation with the Government in sentencing him, despite the absence of a Government motion on Petitioner's behalf. Id. at 12-18. The Court recognized Petitioner's counsel's presentation on these points as "eloquent and logical," but ultimately declined these requests. Id. at 18. The Court concluded that, although Petitioner made "some attempt at cooperation," Petitioner's efforts were "minimal." Id. at 23. Furthermore, given the parties' stipulation that Petitioner's drug dealing continued even after his allocution, the Court declined to award Petitioner a downward adjustment for acceptance of responsibility. Id. at 25. Accordingly, the Court assigned Petitioner a Guidelines score of 38. Id. at 32. The Court then sentenced Petitioner to 262 months, the lowest recommended sentence under the Guidelines. Id. at 37.

Petitioner did not file an appeal with the Second Circuit. But on October 19, 2007 Petitioner commenced this § 2255 petition. Petitioner argues that his counsel was ineffective by failing: (1) to file a notice of appeal, as Petitioner allegedly instructed him to do; (2) to argue that the Government breached its supposed obligation to file a cooperation motion on Petitioner's behalf; and (3) to argue that the Court had no "jurisdiction" to

impose a sentence based upon drug quantities not pled in the Information or allocuted to by Petitioner.

DISCUSSION

I. <u>Counsel was not Ineffective in Failing to file an Appeal.</u>

As an initial matter, Petitioner argues that he instructed his counsel to file an appeal, and that his counsel was ineffective in failing to do so. It is undisputed that an attorney who fails to file a notice of appeal requested by his client is constitutionally ineffective, even if any such appeal would have been frivolous or was barred by his client's plea agreement. <u>See Campusano v. United States</u>, 442 F.3d 770, 771 (2d Cir. 2006). And it is also undisputed that Petitioner's counsel failed to file an appeal. However, Petitioner has failed to put forth any evidence that Petitioner <u>asked</u> counsel to file such an appeal. And, in response to this Petition, the Government submitted an affidavit from Petitioner' counsel, Lawrence Carra, Esq., setting forth that Petitioner "never asked or directed me to file an appeal on his behalf." Resp. Ex. F ¶ 6.

Petitioner bears the burden of proving, by a preponderance of this evidence, that he instructed his counsel to file an notice of appeal. <u>See</u> <u>Chang v. United States</u>, 250 F.3d 79, 86 (2d Cir. 2001). Here, Petitioner cannot meet this burden. Attorney Carra's affidavit is credible and Petitioner fails to controvert it with any evidence. When an attorney's affidavit

credibly contradicts a habeas petitioner's ineffective assistance of counsel claim, the Court is entitled to deny the petition without holding an evidentiary hearing. Id.; see also Riggi v. United States, 04-CV-7852, 2007 WL 1933934, *8 (S.D.N.Y. 2007) (collecting cases). That is the case here.

Because Petitioner failed to file a notice of appeal and cannot show "cause" (such as a counsel who ineffectively failed to file an appeal) for not appealing, Petitioner is procedurally barred from asserting the other claims his § 2255 petition raises. United States v. Pipitone, 67 F.3d 34, 38 (2d Cir. 1995) ("A party who fails to raise an issue on direct appeal and subsequently endeavors to litigate the issue via a § 2255 petition must show that there was cause for failing to raise the issue, and prejudice resulting therefrom.")(internal citations and quotations omitted). Thus, the Court discusses these claims solely for the sake of argument.

II. Counsel was not Ineffective in Failing to Argue that the Government Breached its Obligation to file a Cooperation Motion.

Petitioner also contends that his counsel was ineffective in failing to argue that the Government "breached" its obligations under the Cooperation Agreement by failing to file a motion pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) setting forth the extent of Petitioner's cooperation. This argument is frivolous. Petitioner's Cooperation Agreement specifically stated

7

that, if Petitioner "committed or attempted to commit any further crimes . . . this Office will be released from its obligations under this agreement," expressly "including" its obligation to file a § 5K1.1 / § 3553(e) motion. Resp. Ex. B at ¶ 8. Here, it is undisputed that Petitioner continued to commit crimes after his allocution, while out on bail. And, in so doing, the Petitioner negated the Government's obligation to file a § 5K1.1 / § 3553(e) motion. Consequently, Petitioner's counsel was not ineffective in failing to argue that the Government breached a non-existent obligation. See Lockhart v. Fretwell, 506 U.S. 364, 383 113 S. Ct. 838, 122 L. Ed. 2d 180 (1993) (counsel is not ineffective for "fail[ing] to make wholly frivolous or unethical arguments").

III. Counsel was not Ineffective in Failing to Contest the Court's "Jurisdiction."

Finally, Petitioner contends that his counsel was ineffective in failing to contest the Court's decision to sentence Petitioner based upon his responsibility for 151 kilograms of cocaine and 99 kilograms of cocaine base (Petitioner ignores that the Court also found him responsible for an immense quantity of marijuana), rather than the 139 kilograms of cocaine pled in the Information and allocuted to by Petitioner. Petitioner argues that, under United States v. Cordoba-Murgas, 422 F.3d 65, 69-72 (2d Cir. 2005), a court acts outside its jurisdiction when it issues a criminal sentence based upon a drug quantity that is not pled in an indictment or information. But Cordoba-Murgas does not help

8

Petitioner. Cordoba-Murgas's holding is limited to defendants whose indictments do not specify a quantity of drugs, placing those defendants within the ambit of 21 U.S.C. § 841(b)(1)(C). Specifically, Codoba-Murgas prohibits a court from imposing a sentence greater than the 20 year maximum permitted by § 841(b)(1)(C), upon the court's finding or a defendant's allocution that the defendant distributed more than 5 kilograms of cocaine – a fact which, if pled in the indictment or information, would have subjected the defendant to a potential life sentence under 21 U.S.C. § 841(b)(1)(A). Id. at 72 ("an allocution that settles the issue of drug quantity cannot serve to waive the requirement . . . that a defendant be charged with drug quantity in the indictment if the type and quantity of drugs involved in a charged crime may be used to impose a sentence above the statutory maximum for an indeterminate quantity of drugs") (internal citations and quotations omitted).

Here, however, Petitioner pled guilty to an Information that charged Petitioner with a violation of 21 U.S.C. § 841(b)(1)(A)(ii)(II) – distribution of more than 5 kilograms of cocaine. And Petitioner expressly allocuted to distributing more than 5 kilograms of cocaine. Thus, Petitioner fits squarely within § 841(b)(1)(A)'s sentencing framework – and not the lower sentencing dictates found in § 841(b)(1)(C). Accordingly, Cordoba-Murgas's holding does not apply.

Construed liberally, Petitioner appears to argue that Cordoba-Murgas should be extended even to cases in which a defendant's crime falls properly within § 841(b)(1)(A), to forbid a district court from assessing a Guidelines score for quantities of drugs greater than those expressly pled in an indictment or information. But Petitioner presents no authority to support such an extension. This is not surprising. In United States v. Booker, 543 U.S. 220, 252, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), the United States Supreme Court expressly rejected the proposition that judges could not rely upon "factual information, relevant to sentencing, uncovered after the trial" (such as information found in a presentence report), in applying the Guidelines. The Court held that, provided that the Guidelines are understood as advisory, and not mandatory, there is no Constitutional infirmity in a judge engaging in post-trial or post-plea fact-finding concerning an "offender's real conduct," and then imposing a sentence based on that "real conduct." Id. Indeed, the Supreme Court opined that to preclude a judge from doing so would "destroy the system," "weaken the tie between a sentence and an offender's real conduct," and "undermine the sentencing statute's basic aim of ensuring similar sentences for those who have committed similar crimes in similar ways." Id. Applying Booker, the Second Circuit recently held that it was not error for a judge to assign a Guidelines score based upon the judge's finding that the defendant distributed 150

kilograms of cocaine, even though the defendant – like Petitioner here – only pled guilty to "a crime involving five kilograms or more." See U.S. v. Mejia, 2009 WL 1119593, *1 (2d Cir. April 28, 2009) (unpublished).

Thus, Petitioner's argument to the contrary, this Court clearly had the authority to assign Petitioner a Guidelines score based upon the undisputed and indisputable evidence that Petitioner distributed 154 kilograms of cocaine, 99 kilograms of cocaine base and 2,010,800 kilograms of marijuana. And, consequently, Petitioner's counsel did not err in failing to object to the Court using these quantities in calculating Petitioner's Guidelines score.

## CONCLUSION

For all the foregoing reasons, Ismael Berrios' petition brought under 28 U.S.C. § 2255 is DENIED in its entirety.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
July  23 , 2009